Argued April 8, affirmed April 23, 1969

PRINTZ, *Respondent, v.* STATE COMPEN-
SATION DEPARTMENT, *Appellant.*

453 P2d 665

*Roger R. Warren*, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Wallace Carpenter, Assistant Attorney General and Chief Counsel, State Compensation Department, and Robert Y. Thornton, Attorney General, Salem.

*Raymond J. Conboy*, Portland, argued the cause for respondent. With him on the brief were Pozzi, Wilson & Atchison, Portland.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, HOLMAN and HAMMOND, Justices.

HAMMOND, J. (Pro Tempore).

This is an appeal from the judgment of the circuit court reversing the order of the Workmen's Compensation Board, which denied the claim of Irene L. Printz as surviving widow of Carl A. Printz, a crane operator for the City of Portland, Commission of Public Docks, who collapsed and died August 29, 1966, while operating a crane at Terminal No. 4. Cause of death was reported to have been coronary thrombosis.

Shortly after Mr. Printz's death his employer reported the fact to the State Compensation Department on its form entitled "Workman's Report of Occupational Injury or Disease." The report was signed by an officer of the Commission of Public Docks and contained pertinent information regarding the decedent, his employment and his death. The top portion of the report is labeled "Workman's Notice to Employer" and such portion was partially completed by the employer; however, the spaces labeled "How were you injured or exposed to disease?" and "Workman's Signature" were left blank. Neither this claimant nor any other representative of the decedent was consulted or notified regarding the filing of the report.

On November 2, 1966, the State Compensation Department directed to City of Portland, Commission of Public Docks, an "Order" which recites:

"* * *.

"The State Compensation Department having received notice that Carl A. Printz died on August 29, 1966, while employed by City of Portland, Commission of Public Docks,

"the Department finds that no death benefits are payable as there is no reasonable medical connection between the death of the deceased, and the activity described as having occurred on August 29, 1966.

"NOTICE TO CLAIMANT: If you are dissatisfied with this denial of your claim for compensation you may request a hearing by the Workmen's Compensation Board. The request for hearing must be a signed writing with return address filed with the Workmen's Comepsnation [sic] Board within 60 days from the date this notice was mailed. Failure to file request for a hearing

within this time limit will result in the loss of your right to object to this denial.
"* * *.

Witnesseth: Official Seal

"cc: Irene L. Printz
Workmen's Compensation Board
Portland Office—SCD"

The department contends that the "Order" demonstrates on its face that a copy thereof was in fact sent to the claimant by virtue of the notation "cc: Irene L. Printz." No hearing preceded the issuance of the document and there is no record that the claimant had knowledge of any reports to or proceeding in the State Compensation Department. She denies any recollection of receiving a copy of the "Order."

On March 7, 1967, the claimant executed a "Claim for Compensation—Fatality" and filed the same with the department. One week later the department mailed to claimant its "Notice of Denial," which notice stated:

"The Department finds that the claim is not compensable under the Workmen's Compensation Law for the following reasons:

"There is no evidence that Carl A. Printz's death arose out of or in the course of employment,

"and without waiving other questions of compensability the claim is hereby denied.
"* * *."

The notice further advised claimant that if she was dissatisfied with the denial of her claim she might, within 60 days, request a hearing by the Workmen's Compensation Board upon the matter. On April 20, 1967, claimant gave to the board her request for a hearing upon the rejection of her claim. Pursuant to such request a hearing was held before a hearing officer of the Workmen's Compensation Board upon this

sole issue: Was the claimant's request for a hearing filed within the time required by the statutes, and, if not, does the department have jurisdiction to proceed further with the claim?

The only evidence received at the hearing was the testimony of Mrs. Printz that she did not recall receiving a copy of the department's Order of November 2, 1966, copies of the documents making up the department's file on the matter, and the sworn testimony of the attorneys for the parties, each of whom expressed opinions regarding the regularity of the employer's notice to the department, and the questioned Order which followed such notice.

The hearing officer found that the report of occupational injury filed by the employer following the death of Mr. Printz was not a claim for compensation; that the department's Order of November 2, 1966 did not constitute a valid Notice of Denial of a claim; that claimant's "Claim for Compensation—Fatality" executed March 7, 1967 constituted the only claim for compensation resulting from the death of Printz and that claimant's request for hearing was a timely appeal from the Notice of Denial mailed by the department March 15, 1967. The hearing officer ordered that the matter be set for a hearing on the issue of compensability.

The department then requested a review by the Workmen's Compensation Board of the Order of the hearing officer. Upon such review the board reversed the decision of the hearing officer and affirmed the denial of the claim by the State Compensation Department. In doing so, the board found (1) that the denial of claim entered by the department's Order of November 2, 1966 was valid; (2) that the claimant failed to request a hearing on the denial within 60 days from

the mailing of the same; and (3) that claimant's rights were thereby lost and that her claim of March 7, 1967 did not revive the claim.

Claimant appealed to the circuit court which entered the judgment which forms the basis of this appeal. The trial court found (1) that neither the original or a copy of the department's Notice of Denial of November 2, 1966 was mailed to or received by Mrs. Printz; (2) that the said Order of November 2, 1966 is a nullity; (3) that claimant's request for hearing was a timely appeal from the Notice of Denial mailed by the department March 15, 1967; and (4) that claimant's attorneys are entitled to attorney fees in the sum of $1,500. Judgment was entered in accordance with such finding and the claim was remanded to the Workmen's Compensation Board for a hearing as to the compensability of the claim for widow's benefits.

■ It is not necessary for the purpose of this decision to determine whether the notice furnished in the first instance by the employer to the department was the appropriate method of initiating proceedings before the department with reference to the death of Printz while in the course of his employment. We do decide, however, that such notice was not a "claim" within the meaning of ORS, ch 656, for a claim is defined in ORS 656.002 (5) as follows:

> " 'Claim' means a written request for compensation from a subject workman or someone on his behalf, or any compensable injury of which a subject employer has notice or knowledge."

There was no "written request for compensation" made by anyone. The employer did not even fill in blanks provided to show whether Printz was married

or the name of his wife. Nothing on the form submitted by the employer indicated that a claim was asserted and the employer's knowledge of the existence of a "compensable injury" was negated by the employer in its report when it described Printz's death in these words, "Mr. Printz collasped [sic] while working as a crane operator at Terminal No. 4 and died almost immediately. Multnomah County Coroner's Office records indicate that death was due to coronary thrombosis from natural causes." The employer thereby in effect notified the department that it had no knowledge of a "compensable injury" as such term is defined in ORS 656.002 (6).

> "A 'compensable injury' is an accidental injury, or accidental injury to prosthetic appliances, arising out of and in the course of employment requiring medical services or resulting in disability or death; an injury is accidental if the result is an accident, whether or not due to accidental means." ORS 656.002 (6).

The department contends, however, that if the employer did not have notice of a "compensable injury" the claimant was required to give notice within 30 days after the accident and relies upon ORS 656.265 which provides:

> "(1) Notice of an accident resulting in an injury or death shall be given immediately by the *workman or his dependent* to the employer, but not later than 30 days after the accident. The employer shall acknowledge forthwith receipt of such notice.
>
> "* * *
>
> "(4) Failure to give notice as required by this section bars a claim under ORS 656.001 to 656.794 unless:
>
> "(a) The contributing employer or direct responsibility employer had knowledge of the injury

or death, or the department or direct responsibility employer has not been prejudiced by failure to receive the notice  \*  \*  \*.

"\*  \*  \*." (Emphasis Supplied.)

■ It should be here noted that this claimant is the widow of the workman and is not a *dependent* as such term is used above, for that term is defined in ORS 656.002 (10) as:

> " 'Dependent' means any of the following-named relatives of a workman whose death results from any injury and who leaves surviving no widow, widower or child under the age of 18 years: Invalid child over the age of 18 years, father, mother, grandfather, grandmother, stepfather, stepmother, grandson, granddaughter, brother, sister, half sister, half brother, niece or nephew, who at the time of the accident, are dependent in whole or in part for their support upon the earnings of the workman  \*  \*  \*."

■ The scope of ORS 656.262 is described by its title as "Responsibility for processing and payment of compensation; acceptance and denial of claim; penalties for payment delays." The department suggests that subsection (6) thereof establishes the time for requesting a hearing in this matter. The provision referred to is:

> "If the direct responsibility employer or department denies a *claim for compensation,* written notice of such denial, stating the reason for the denial, and informing the workman of hearing rights under ORS 656.283, shall be given to the claimant. A copy of the notice of denial shall be mailed to the board, and to the contributing employer by the department. The workman may request a hearing on the denial at any time within 60 days after the mailing of the notice of denial." ORS 656.262 (6). (Emphasis Supplied.)

The quoted statutory language does not apply here since no *claim* was presented prior to March 7, 1967.

■ We come then to the statute which fits the problem before us and which sets the time within which a surviving widow, as claimant, must, in this particular circumstance, make request for a hearing relating to a compensable injury. Such statute is ORS 656.319, and the pertinent portions thereof provide as follows:

"(1) A hearing on any question relating to a compensable injury, other than those described in subsection (2) of this section, shall not be granted unless a request for hearing is filed within the times specified in this subsection, and if a request for hearing is not so filed, the claim is not enforceable:

"(a) If no medical services were provided or benefits paid, one year after the date of the accident.

"* * *

"(e) If a workman has received or is entitled to benefits for temporary total disability and dies as a result of the accidental injury, six months after the date of the death of the workman.

"(2) Notwithstanding the provisions of subsection (1) of this section:

"(a) With respect to objection by a claimant to denial of a claim for compensation under ORS 656.262, a hearing thereon shall not be granted and the claim shall not be enforceable unless a request for hearing is filed within 60 days after the claimant was notified of the denial.

"* * *"

■ We quoted ORS 656.319 (1)(e) above because the department contends on one hand that such provision requires the request for hearing to be within six months after the date of death of the workman. It will be observed that such provision refers only to a workman who has received or is entitled to benefits

for *temporary total disability*. Obviously such benefits were never available to Mr. Printz.

The department further relies on ORS 656.319 (2)(a), above quoted, as a bar to claimant's position since that provision requires that a request for hearing be filed within 60 days after claimant was notified of the *denial of a claim*. However, as pointed out above, in this case there had been no previous claim as such term is defined by the statute, and therefore the quoted provision is not applicable to bar claimant's rights in this matter.

It follows then that since "no medical services were provided or benefits paid  \*  \*  \*" to anyone, this claimant, under the provisions of ORS 656.319 (1)(a), had one year from the date of the accident within which to request a hearing upon the question of her right to receive benefits under the Workmen's Compensation Act. Therefore, we are not called upon to decide whether the "Order" or "Notice of Denial" mailed by the department on November 2, 1966, was appropriate for the purposes claimed for it by the department, since the claimant made her request for hearing well within one year after date of the alleged accident.

The ultimate conclusion of the circuit court reversing the Order of the Workmen's Compensation Board and remanding the claim to such board for the setting of a hearing as to the compensability of the claimant's claim for widow's benefits, together with the allowance of attorneys fees is affirmed.