In the Matter of the Compensation of
Marvin Peterson, Claimant.

PETERSON,
*Petitioner*,

*v.*

EUGENE F. BURRILL LUMBER,
*Respondent.*

(No. 79-5443, CA A20708)

645 P2d 567

Peter W. McSwain, Salem, argued the cause for petitioner. On the brief were Steven C. Yates, and Malagon, Velure & Yates, Eugene.

Richard W. Davis, Portland, argued the cause for respondent. With him on the brief was Lindsay, Hart, Neil & Weigler, Portland.

Before Joseph, Chief Judge, and Richardson and Warren, Judges.

RICHARDSON, J.

## RICHARDSON, J.

In this workers' compensation case, the referee ordered defendant to accept claimant's aggravation claim under ORS 656.273. The Workers' Compensation Board reversed, finding that claimant lacked credibility and that he had failed to carry his burden of proof. Claimant appeals, contending that the record is sufficient to prove that his current low back problems are a compensable aggravation of injuries sustained in an earlier industrial accident. We reverse.

■ ■ To establish a compensable aggravation claim, claimant must show by a preponderance of the evidence that his worsened condition *resulted from* the original injury. *Johnson Lbr. Co. v. SAIF,* 20 Or App 419, 532 P2d 38 (1975); ORS 656.273(1), (7). Our review in this case is governed by the rule announced recently by the Supreme Court in *Grable v. Weyerhaeuser Company,* 291 Or 387, 400-401, 631 P2d 768 (1981):

> "We believe that the compensability of a worsened condition following an off-the-job injury may be determined equally as well under the rule stated and applied in *Lemons [v. Compensation Department,* 2 Or App 128, 467 P2d 128 (1970),] and *Standley [v. SAIF,* 8 Or App 429, 495 P2d 283 (1972),] as that stated by Professor Larson [1 Larson Workmen's Compensation Law 3-348, §§ 13.00, 13.11 (1978),] and paraphrased in *Christensen [v. SAIF,* 27 Or App 595, 557 P2d 48 (1976)]. We conclude that if the claimant establishes that the compensable injury is a 'material contributing cause' of his worsened condition, he has thereby necessarily established that the worsened condition is not the result of an 'independent, intervening' nonindustrial cause. We hold that an employer is required to pay workers' compensation benefits for worsening of a worker's condition where the worsening is the result of both a compensable on-the-job back injury and a subsequent off-the-job injury to the same part of the body if the worker establishes that the on-the-job injury is a material contributing cause of the worsened condition." [1]

---

[1] The present case is not the type of off-the-job injury case presented in *Lemons* (off-the-job fall), *Standley* (off-the-job incidents injuring the low back), and *Christensen* (slip and fall in bathtub). Nor does the present case involve the issue of which of two worker's compensation carriers should be liable for a later injury. *See Smith v. Ed's Pancake House,* 27 Or App 361, 556 P2d 158 (1976)

Claimant injured his lower back in an industrial accident in December, 1975, while employed by defendant. As a result he was awarded 5 percent unscheduled perma-nent partial disability benefits. He continued the same work, but left in May, 1976, to become a self-employed cedar gleaner, salvaging downed cedar logs from logging sites. The work was seasonal and apparently involved some stooping and lifting. During this period the pain in his lower back gradually increased so that, by December, 1978, he could no longer tolerate further exertion. He filed a claim for aggravation in January, 1979. The claim was submitted to the referee on medical reports and depositions; no oral testimony was offered. Consequently, demeanor evidence is not a factor, and we have before us the same information that the referee and Board had in making their respective determinations.

In January, 1979, claimant sought medical treat-ment for "chronic low back pain," which had become particularly acute during the previous months. Claimant was referred to Dr. Becker, who treated him on a continu-ing basis during 1979. In September, 1979, Dr. Becker wrote to claimant's attorney that it was his "best medical judg-ment that [claimant's] current symptoms do relate to the injury of 1975."

In October, 1979, claimant was examined by Dr. Gilsdorf, who had treated claimant's 1975 on-the-job injury. Relying on claimant's stated history, his 1975 treatment and his 1979 examination, Dr. Gilsdorf's report stated: "Impression: Chronic mechanical low back pain as a result of lumbosacral instability, spondylolisthesis." He attributed the spondylolisthesis to a preexisting spinal defect that was aggravated by the 1975 accident, resulting in chronic back pain since that accident.

Claimant, Dr. Becker and Dr. Gilsdorf were deposed at separate times in early 1980 in anticipation of

---

("last injurious exposure" rule); *Grable v. Weyerhaeuser Company, supra,* 291 Or at 401-402. In the present case, the later injury, strictly speaking, occurred on the job; however, claimant had not elected to be covered by workers' compensation. Therefore, claimant's position is analogous to the *Lemons, Standley,* and *Chris-tensen* situations, and the question is whether the prior on-the-job injury is a "material contributing cause" of the claimant's worsened condition at the time he filed his claim for aggravation.

the hearing before the referee. Dr. Gilsdorf amplified his earlier report, stating that the 1975 injury caused a pathological change in claimant's condition. The resulting condition was manifested by low back pain in proportion to claimant's level of activity. Dr. Gilsdorf was not aware of any specific recent episode that caused claimant's worsened back pain; however, Dr. Gilsdorf was relying on claimant's history as related to him by claimant. Dr. Becker stood by his earlier reports, although he was unwilling to make a specific causal link between the 1975 injury and claimant's current problems. He stated that, because he had not examined claimant in 1975, all he could base his opinion on was his 1979 examinations, along with claimant's stated history.

In his deposition, claimant explained in detail the nature of his work as a cedar gleaner. He stated that he did little lifting, although his work required climbing up and down embankments and other strenuous activities. He reported increasing back pain and denied that there was any specific event which had triggered his current problems. He stated that by December, 1978, the pain had increased to the extent that he had to give up the cedar gleaning business.

There are some inconsistencies between claimant's statements in his deposition and those made to his treating physicians. They imply that claimant may be attempting to minimize how hard he has worked and to maximize the degree of low back pain since the 1975 industrial accident. The Board reversed the referee's order, because it doubted claimant's credibility. The Board's order on review did not explain the basis of its doubts other than saying that it was not persuaded by the medical reports because the reports relied heavily on claimant's stated history and the claimant was not credible. After reviewing the record, we conclude that the inconsistencies are outweighed by the evidence as a whole.

■     The referee recognized that the evidence was mixed and that claimant gave somewhat differing histories to each of the physicians who treated him. The referee concluded:

"Dr. Becker and Dr. Gilsdorf are relying on the history given by claimant and their objective findings. Despite the possibility that the present condition of claimant is not related to his industrial injury, I am of the opinion the medical evidence indicates his present condition is related to his 1975 injury and is a worsening of that condition."

Claimant has satisfied his burden of proof. The Board's order is reversed, and the order of the referee is reinstated.