Argued and submitted November 1, 1982, affirmed March 8, 1983

In the Matter of the Compensation of
Marvin Peterson, Claimant,

PETERSON,
*Respondent on review,*

*v.*

EUGENE F. BURRILL LUMBER,
*Petitioner on review.*

(CA A20708; SC 28773)

660 P2d 1058

Richard W. Davis, of Lindsay, Hart, Neil & Weigler, Portland, argued the cause and filed a brief for petitioner on review.

David C. Force, Eugene, argued the cause for respondent on review. On the brief was Steven C. Yates of Malagon, Velure & Yates, Eugene.

PETERSON, J.

## PETERSON, J.

In *Grable v. Weyerhaeuser Co.,* 291 Or 387, 631 P2d 768 (1981), a worker suffered an on-the-job back injury and his employer accepted the claim. After the employee returned to work, he reinjured his back at home and made a claim against his employer, claiming that the worsening of his back problems resulted from the on-the-job injury. We held, under ORS 656.273(1), that if the worker establishes that the on-the-job injury is a material contributing cause of the worsened condition, the employer is liable for the payment of compensation benefits.

In the case at bar, the claimant sustained an on-the-job back injury and received an unscheduled permanent partial disability award. His back condition deteriorated in later years, during which the worker was self-employed in an occupation involving bending and lifting. He made a claim for additional compensation against the employer under ORS 656.273(1), asserting that his worsened condition resulted from the original injury. We granted review to decide whether the rule of *Grable* applies to a worsening occurring while a claimant is self-employed and whether the last injurious exposure rule[1] is applicable. The employer claims that the *Grable* rule does not apply because the worsening occurred while claimant was a self-employer and that the last injurious exposure rule does apply because

---

[1] In *Bracke v. Baza'r,* 293 Or 239, 244-45, 646 P2d 1130 (1982), we quoted Professor Larson's discussion of the last injurious exposure rule.

" 'The "last injurious exposure" rule in successive-injury cases places full liability upon the carrier covering the risk at the time of the most recent injury that bears a causal relation to the disability.

" 'If the second injury takes the form merely of a recurrence of the first, and if the second incident does not contribute even slightly to the causation of the disabling condition, the insurer on the risk at the time of the original injury remains liable for the second. In this class would fall most of the cases discussed in the section on range of consequences in which a second injury occurred as the direct result of the first, as when claimant falls because of crutches which his first injury requires him to use. * * *

" 'On the other hand, if the second incident contributes independently to the injury, the second insurer is solely liable, even if the injury would have been much less severe in the absence of the prior condition, and even if the prior injury contributed the major part to the final condition. This is consistent with the general principle of the compensability of the aggravation of a pre-existing condition.' (Footnotes omitted). * * *" (Quoting 4 A. Larson, The Law of Workmen's Compensation § 95.12, at 17-71 to 17-78 (1982)).

claimant was employed— self-employed—at the time of the worsening.

Claimant injured his back in December, 1975, while employed by the respondent. He made a worker's compensation claim and received an award of five percent unscheduled permanent partial disability. He continued to work for the employer until May, 1976, when he left to become a self-employed cedar gleaner, salvaging cedar logs from logging sites. The work involved bending, stooping and lifting. His back pain gradually increased until December, 1978, when he could no longer tolerate exertion. In January, 1979, he filed a request that his claim be reopened so that he could obtain additional medical services and disability compensation.

The employer denied the request to reopen the claim, and claimant thereafter filed a request for hearing. The referee found that the claimant's "* * * present condition is related to his 1975 injury and is a worsening of that condition" and ordered the acceptance of the claim. The Workers' Compensation Board reversed. The Court of Appeals, reviewing de novo, found that the claimant's condition was related to the 1975 injury, reversed the Board, and ordered the reinstatement of the referee's order.

This case involves what is often referred to as a claim for aggravation.[2] ORS 656.273 provides in part:

---

[2] ORS 656.273(1) entitles an injured worker to additional compensation "for worsened conditions resulting from the original injury." Other subsections of ORS 656.273 refer to such a claim as a claim for aggravation. Subsection (2) states:

"(2) To obtain additional medical services or disability compensation, the injured worker must file a *claim for aggravation* with the insurer or self-insured employer. * * *" (Emphasis added.)

Subsection (3) states:

"A physician's report indicating a need for further medical services or additional compensation is a claim *for aggravation.*" (Emphasis added.)

Subsection (4) also refers to such a claim as a "claim for aggravation" and subsection (7) provides:

"(7) A request for hearing on any issue involving a claim for aggravation must be made to the department in accordance with ORS 656.283. * * * If the evidence as a whole shows a worsening of the claimant's condition the claim shall be allowed."

"(1) After the last award or arrangement of compensation, an injured worker is entitled to additional compensation, including medical services, for worsened conditions resulting from the original injury.

"* * * * *

"(7) A request for hearing on any issue involving a claim for aggravation must be made to the department in accordance with ORS 656.283. * * * If the evidence as a whole shows a worsening of the claimant's condition the claim shall be allowed."

■ We make no independent findings of fact because under *Sahnow v. Firemen's Fund Ins. Co.,* 260 Or 564, 568, 491 P2d 997 (1971), the findings of fact of the Court of Appeals are binding upon us, and our review is limited to errors of law. As stated, the Court of Appeals found that the claimant's worsened condition resulted from the 1975 injury.[3]

This court adopted the last injurious exposure rule in *Inkley v. Forest Fiber Products Co.,* 288 Or 337, 343, 605 P2d 1175 (1980), an occupational disease case. The last opinion of this court discussing the last injurious exposure rule was in *Bracke v.Baza'r,* 293 Or 239, 646 P2d 1330 (1982), another occupational disease case. *See* footnote 1, supra. In *Grable v. Weyerhaeuser Company, supra,* after discussing the last injurious exposure rule we held:

"* * * We conclude that if the claimant establishes that the compensable injury is a 'material contributing cause' of his worsened condition, he has thereby necessarily established that the worsened condition is not the result of an 'independent, intervening' non-industrial cause. We hold that an employer is required to pay worker's compensation benefits for worsening of a worker's condition where the

Although claims such as this are popularly and statutorily referred to as "aggravation" claims, the claim is for increased compensation on account of a worsened condition, *See, e.g., Grable v. Weyerhaeuser Co.,* 291 Or 387, 396, 631 P2d 768 (1981), and should be distinguished from a worker's claim for an acceleration in the development or deterioration of a preexisting condition which acceleration is caused by an industrial injury or an industrial exposure. *See* Committee on Continuing Legal Education, Oregon State Bar, Workers' Compensation § 10.1 (1980).

[3] The employer also asserts that there is no evidence to support the Court of Appeals' finding that the first injury materially contributed to claimant's later disability. There is such evidence (which is discussed in the Court of Appeals opinion, 57 Or App at 479-80).

worsening is the result of both a compensable on-the-job back injury and a subsequent off-the-job injury to the same part of the body if the worker establishes that the on-the-job injury is a material contributing cause of the worsened condition." 291 Or at 400-01.

Although there was no explicit holding in *Grable* that the second off-the-job injury was also a material contributing cause of the worsened condition, the opinion suggests that a claimant who is subsequently injured off-the-job makes out a compensable claim for workers' compensation benefits for a worsening of the original injury merely by establishing that the prior compensable injury was a "material contributing cause" of the worsened condition, even if the second injury is also a "material contributing cause." 291 Or at 400-01. That conclusion is consistent with ORS 656.273(1) ("* * * an injured worker is entitled to additional compensation * * * for worsened conditions resulting from the original injury").

In *Grable,* we pointed out two purposes of the last injurious exposure rule in a successive injury context: allocating responsibility between successive carriers where two employment-related injuries contribute to the disability; and freeing the worker from establishing which of the successive carrier or employer is responsible for the payment of compensation if the worker establishes that the second injury was a material contributing cause of the disability. Because in *Grable* neither purpose would be furthered by the application of the rule, we held the rule inapplicable. 291 Or at 402.

■ The opinion of the Court of Appeals in the case at bar suggests that the court believed that it was unnecessary to consider whether the claimant's self-employment was a material contributing cause of the disability and the related question whether the last injurious exposure rule was applicable because the claimant "* * * had not elected to be covered by workers' compensation."[4] 57 Or App at 479

---

[4] The Court of Appeals opinion contains this footnote:

"The present case is not the type of off-the-job injury case presented in *Lemons* [*Lemons v. Compensation Department,* 2 Or App 128, 467 P2d 128 (1970)] (off-the-job fall), *Standley* [*Standley v. SAIF,* 8 Or App 429, 495 P2d 283 (1972)] (off-the-job incidents injuring the low back), and *Christensen* [*Christensen v. SAIF,* 27 Or App 595, 557 P2d 48 (1976)] (slip and fall in

n 1. We do not reach the question whether the rule would apply if the second injury occurred during claimant's self-employment because it is not presented under the evidence. We express no opinion as to the correctness of the quoted statements in footnote 4, *supra.*

In the instant case, for the last injurious exposure rule to apply at all under the employer's successive-injury theory of the case, there must be evidence of a second injury which materially contributed to the claimant's disability. We have carefully searched the record and find no such evidence. Indeed, in the employer's opening brief before the Workers' Compensation Board we find this statement: "It is very doubtful whether claimant has sustained either a new injury or an aggravation of a prior industrial injury." The principal contention of the employer before the Board and before the Court of Appeals was that there was no worsening from the 1975 industrial accident; rather, that the claimant's problems were due to a long-existing chronic back problem.[5]

The statutory rule is clear: An injured worker is entitled to compensation for worsened conditions resulting from the original injury. That has been established by the finding of the Court of Appeals, a finding which is supported by the evidence. The factual showing for the court-made last injurious exposure rule in successive injury cases—material contribution of the second employment—is lacking.[6]

Affirmed.

---

bathtub). Nor does the present case involve the issue of which of two worker's compensation carriers should be liable for a later injury. *See Smith v. Ed's Pancake House,* 27 Or App 361, 556 P2d 158 (1976) ("last injurious exposure" rule); *Grable v. Weyerhaeuser Company, supra,* 291 Or at 401-402. In the present case, the later injury, strictly speaking, occurred on the job; however, claimant had not elected to be covered by workers' compensation. Therefore, claimant's position is analogous to the *Lemons, Standley,* and *Christensen* situations, and the question is whether the prior on-the-job injury is a 'material contributing cause' of the claimant's worsened condition at the time he filed his claim for aggravation." 57 Or App at 478 n 1.

[5] The claim that the last injurious exposure rule applies in this case was first raised in the employer's petition for review, possibly in response to the language quoted in footnote 4, *supra.* The employer did not make the claim before the Court of Appeals or the Board.

[6] *See Boise Cascade Corp. v. Starbuck and SAIF,* 61 Or App 631, 659 P2d 424 (1983), in which the Court of Appeals considered the last injurious exposure rule in a successive-injury context.