In the Matter of the Compensation of
Robin F. Robinette, Claimant.

FIREMAN'S FUND INSURANCE COMPANY,
*Petitioner,*

*v.*

OREGON PORTLAND CEMENT
COMPANY et al,
*Respondents.*

(79-04246; CA A22204)

663 P2d 416

Emil R. Berg, Portland, argued the cause for petitioner. With him on the brief was Wolf, Griffith, Bittner, Abbott & Roberts, Portland.

James N. Westwood, Portland, argued the cause for respondents Oregon Portland Cement Company and Fred S. James and Company. With him on the brief were Douglas M. Ragen, and Miller, Nash, Yerke, Wiener & Hager, Portland.

John D. Peterson, Hillsboro, argued the cause for respondent Robin F. Robinette. With him on the brief was Brink, Moore, Brink & Peterson, Hillsboro.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Fireman's Fund, the former insurer of employer Oregon Portland Cement Company (OPC), seeks judicial review of a determination by the Workers' Compensation Board that it is responsible for an aggravation of claimant's low-back problems. The Board reversed the order of the referee holding OPC responsible. Because some of the language in *Bracke v. Baza'r,* 293 Or 239, 646 P2d 1330 (1982), appeared to affect the outcome of this case, we withheld our opinion pending our decision in *Boise Cascade Corp. v. Starbuck,* 61 Or App 631, 659 P2d 424 (1983), in which we undertook to interpret the Supreme Court's *Bracke* opinion. On the basis of what we said in *Starbuck,* we now conclude that *Bracke* affects neither the rationale nor the result in this case and agree that Fireman's Fund is the responsible insurer.

In 1976, claimant was working for OPC when he injured his back in May and July while shoveling wet cement. He filed claims for each injury, and by a determination order in April, 1977, he was awarded temporary total disability and permanent unscheduled disability of 5 percent. OPC became self-insured subsequent to the July, 1976, injury and Fred S. James (James) was its servicing agent.

Claimant continued to experience back pain both at work and at home. In September, 1978, while driving a Bobcat at work in a "pretty bouncy ride" over uneven ground, he experienced low-back pain. He was diagnosed as having myofibrositis and lumbosacral strain. His claim for that incident, filed with James, resulted in an award in January, 1979, for temporary total disability but no permanent disability. While that claim was pending, on October 3, 1978, claimant developed back pain when he bent over to tie his shoe and again while he was hunting during the weekend. In February, 1979, while claimant was at home, he hurt his back when he pulled on a "come along." In April, 1979, his doctor requested Fireman's Fund to reopen the 1976 claim because of an off-the-job injury on February 19, 1979, which, the doctor said, occurred while claimant was under treatment for his July, 1976, on-the-job injury. That request was denied.

On April 19, 1979, the doctor advised Fireman's Fund that he considered the February injury to be an aggravation of

previous injuries. While that matter was being pursued, claimant sustained another possibly job-related back strain on May 9, 1979, and then twisted his back on May 21 when he reached for a lever at work. A new injury claim for the May 21 incident was filed with James. Claimant's attorney notified Fireman's Fund that he was making a "second notice of claim" for aggravation of the July, 1976, injury "arising on or about May 21." In September, 1979, Fireman's Fund denied the claim for aggravation of the July, 1976, injury. James deferred acceptance or denial of the new injury claim but paid temporary total disability compensation.[1]

The referee found that claimant had suffered a new injury on May 21, 1979, and that OPC was responsible as a self-insured employer. The Board reversed, concluding that claimant's condition was the result of an aggravation of the July, 1976, injury, for which Fireman's Fund was responsible.

Fireman's Fund argues that, under the rule of *Smith v. Ed's Pancake House,* 27 Or App 361, 556 P2d 158 (1976), OPC is responsible, because the May 21 incident was a new injury that independently contributed to claimant's disability and that it was off the risk at that time. That position is strengthened by language in *Bracke v. Baza'r, supra,* to the effect that the "last injurious exposure" rule is applicable in injury cases as well as in those involving occupational disease, and that if the last on-the-job exposure *could* have caused the disability, the last employer is liable. That language, although *dicta,* is part of what concerned us in *Boise Cascade Corp. v. Starbuck, supra;* we concluded, however, that the court did not mean to change the rule enunciated in *Smith.* That is, if the original disability was the result of an injury, liability is not imposed on the last employer unless a new incident contributed independently to the injury. *See Peterson v. Eugene F. Burrill Lumber,* 294 Or 537, 660 P2d 1058 (1983).[2]

---

[1] Pursuant to ORS 656.307, James requested the Compliance Division to issue an order designating a paying agent. On September 26, 1979, an order was issued designating Fireman's Fund as the paying agent until the responsible party was determined after a hearing.

[2] In *Peterson v. Eugene F. Burrill Lumber, supra,* the court dealt with a job-related back condition that worsened after claimant became self-employed. We had held, 57 Or App at 476, that the situation was analogous to that where the claimant's last injury was off-the-job and that the test was whether the *original* injury was a material contributing cause of the claimant's worsened condition. *See Grable v.*

There is no question here but that claimant's July, 1976, disability was the result of an injury. The issue, then, is whether the May 21, 1979, incident was an independent material contributing cause of his worsened condition — not whether the working conditions at OPC at that time could have caused his disability. The medical and lay evidence in this case reveals that after his 1976 injury claimant constantly complained of back pain and sought treatment. His work record reveals many absences because of his pain. He testified that he always experienced pain while doing his job and that when it "built up" and got unbearable he would report to his supervisor and leave work, or he would call in to report that he was unable to report for his shift.

■      There are numerous medical reports in the record, and without detailing them it is sufficient to state that the preponderance of that evidence supports the conclusion that the May 21 incident did not contribute independently to claimant's disability. It may be summed up by the opinion of Dr. Hall, one of claimant's treating doctors, who stated that the original injury probably "never completely cleared" and that the subsequent injuries were aggravations of the original one. Accordingly, Fireman's Fund is responsible.

■      One further question remains. The Board assessed a penalty against Fireman's Fund and awarded claimant attorney fees. It is conceded here that if Fireman's Fund is held responsible, no penalty is assessable, although the award of attorney fees is proper, because claimant will have prevailed on a denied claim. ORS 656.382(2). We accept those concessions.

Affirmed as to the liability of Fireman's Fund and the award of attorney fees; reversed on assessment of a penalty.

---

*Weyerhaeuser Company,* 291 Or 387, 631 P2d 768 (1981). That test is the reverse of the one enunciated in *Smith v. Ed's Pancake House, supra:* whether the *last* injury was a material contribution to the disability. In *Peterson,* the court declined to decide the question we decided, because the record did not show that the second employment contributed materially to the disability; accordingly the claim was for an aggravation similar to that involved in *Starbuck.* 294 Or at 543 n 6.