In the Matter of the Compensation of
Dickie A. Comstock, Claimant.

INTERNATIONAL PAPER COMPANY,
*Petitioner,*

*v.*

COMSTOCK,
*Respondent.*

(82-07496; CA A32907)

697 P2d 1391

Paul L. Roess, Coos Bay, argued the cause for petitioner. With him on the brief was Foss, Whitty & Roess, Coos Bay.

James L. Edmunson, Eugene, argued the cause for respondent. With him on the brief were Dale C. Johnson, and Malagon & Associates, Eugene.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

PER CURIAM

## PER CURIAM

Employer seeks review of an order of the Workers' Compensation Board which affirmed the referee's decision that claimant's worsened cervical condition is compensable. Claimant injured his back while working for employer. He subsequently left that employment, became self-employed and elected not to be covered by workers' compensation insurance. During his self-employment, he experienced increased back problems and underwent corrective surgery.

The referee and the Board determined that the test for compensability found in *Grable v. Weyerhaeuser Company,* 291 Or 387, 631 P2d 768 (1981), is the appropriate rule. Employer argues that the last injurious exposure rule explained in *Boise Cascade Corp. v. Starbuck,* 296 Or 238, 675 P2d 1044 (1984), should be applied, even though claimant was self-employed and not covered by workers' compensation insurance. It concedes that we rejected an identical contention in *Peterson v. Eugene F. Burrill Lumber,* 57 Or App 476, 645 P2d 567 (1982), *aff'd* 294 Or 537, 660 P2d 1058 (1983), but argues that that case is wrong and should be overruled. We are not persuaded by employer's arguments.

Affirmed.