Argued February 11, affirmed March 26, 1970

# LEMONS, *Respondent, v.* STATE COMPENSATION DEPARTMENT, *Appellant.*

467 P2d 128

*James P. Cronan, Jr.,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs were Lee Johnson, Attorney General, Wallace Carpenter, Chief Counsel, and Quintin B. Estell, Assistant Attorney General, Salem.

*Richard T. Kropp,* Albany, argued the cause for respondent. With him on the brief were Emmons, Kyle & Kropp, Albany.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

FOLEY, J.

This is a workmen's compensation case. It involves the question of whether there was causal connection between an accident-aggravated low back condition and a subsequent operation to repair an intervertebral disc in the low back where a fall intervened between the aggravation accident and the operation.

Claimant, a 37-year-old tire sales and service manager, had had low back troubles since about 1961. His testimony indicates pain and trouble with his back was fairly stable during the earlier period but during 1965 and 1966 he was under chiropractic treatment for compensable back problems accepted by State Compensation Department under five separate occurrences prior to September 23, 1966. On that date, while lifting a tire at work, he had an onset of pain in his back and left leg. It continued to get worse after this incident, so on October 4, 1966, he saw Dr. Tsai, a neu-

rosurgeon. Dr. Tsai diagnosed an L-5 nerve root compression on the left due to disc herniation at the L-4-5 level of the back. Conservative therapy was suggested. The claim for the September 23, 1966, injury was accepted by the State Compensation Department, compensation was paid and the claim was closed on November 15, 1966, with a suspense order.

On May 23, 1967, claimant fell as he was descending some steps in front of a clinical laboratory. He claims his back was not injured in this fall, but that his principal injury from the fall was bruises, particularly to his right leg. Dr. Tsai's report about the fall states "* * * he fell resulting in aggravation of the low back and the left sciatica * * *," and that he was in pain and was taken immediately by ambulance to the hospital. On June 5, 1967, Dr. Tsai performed a laminotomy at L-4-5, the identical area in claimant's back where Dr. Tsai's examination of October 4, 1966, had disclosed the herniated disc.

The hearing officer denied the claim on the basis there was no showing of a causal connection between the September 23, 1966, injury and the fall of May 23, 1967, which occurred just before the laminotomy on June 5, 1967. The Workmen's Compensation Board affirmed the hearing officer and the claimant appealed to the circuit court.

The circuit court found a causal connection between the September 23, 1966, injury and the laminotomy operation of June 5, 1967. The court was of the opinion that there was nothing to show any additional or further injury in the accidental fall of May 23, 1967, and that "* * * the treatment rendered to claimant commencing May 23, 1967 was necessitated by the injuries received by claimant * * * [on] September

[23, 1966] and that said accident was a substantial contributing cause of said injuries and of the treatment rendered." Defendant State Compensation Department appeals, claiming as erroneous this finding of the circuit court.

■ To establish responsibility in the State Compensation Department (now known as State Accident Insurance Fund), it is necessary for claimant to show that the accident of September 1966 was a material contributing cause to the plaintiff's condition which necessitated surgery. It need not be the sole cause. *Lorentzen v. Compensation Dept.*, 251 Or 92, 444 P2d 946 (1968); *Olson v. State Ind. Acc. Com.*, 222 Or 407, 414, 352 P2d 1096 (1960).

■ In a complex case the causal connection must be shown by expert medical testimony. *Uris v. Compensation Department*, 247 Or 420, 427 P2d 753 (1967).

■ The department offered no medical testimony in this case. A fair summary of the various reports of Dr. Tsai would be that claimant's herniated disc at L-4-5, as found on October 4, 1966, resulted from claimant's pre-existing low back condition as aggravated by the accident of September 1966; that this condition was aggravated by the fall of May 23, 1967, which resulted in the operation in question.

It is difficult to follow the department's contention. It seems to be that the information from Dr. Tsai that the back injury dated "back to 1961," and the 1967 surgery was required by the condition being "aggravated on September 23, 1966, while changing truck tires" was insufficient to establish causal connection because Dr. Tsai did not use the particular words "within a reasonable degree of medical probability." Particular words are not necessary. As summarized

above the conclusions of the doctor as to the causal relationship are sufficient to meet the requirements of *Uris v. Compensation Department,* supra, and the decision of the circuit court is affirmed.