Argued January 25, affirmed March 16, 1972

STANDLEY, *Respondent, v.* STATE ACCIDENT
INSURANCE FUND, *Appellant.*
495 P2d 283

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

*Bernard Jolles,* Portland, argued the cause for respondent. With him on the brief were Franklin, Bennett, Des Brisay & Jolles, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

FORT, J.

This compensation case presents two questions, one of fact relative to compensation, the other of law involving attorney fees. Claimant first contends that a previous compensable injury to his low back in June 1966 became aggravated and thus compensable under ORS 656.271. The hearing officer and the Workmen's Compensation Board concluded that it had not and rejected the claim. On appeal the circuit court concluded otherwise, reversed the Board and remanded the claim for appropriate action. The Fund appeals.

The question presented is one of fact, which we are required to review de novo.

A detailed statement of the facts will add nothing to this opinion. The matter turned primarily on the testimony of the sole medical witness offered by either party. Dr. Richard Berg, an orthopedic surgeon, was designated by the defendant to and did examine claimant, and his testimony was taken by deposition, not before the hearing officer. The remaining medical evidence was in the form of records produced as exhibits.

Dr. Berg testified that although the claimant had a congenital defect of the low back and sustained low back injury in other accidents unrelated to his employment occurring both before and after the on-the-job injury of June 1966 to his low back:

"* * * I think that the fall he had in '66, in my very humble opinion was the thing which triggered this man's situation. In other words, it was a complete list of several interval injuries of which the last one evidently was the straw which, so-called, broke the camel's back and caused him his persistent pain and distress. That's my opinion.",

and concluded his testimony:

"Now, as I have explained to you very carefully and to the best of my ability, I realize this isn't the sole cause of this man's disability—I wouldn't want you to understand that—but on the other hand I don't think I am smart enough to separate the degrees of disability caused by, first, the congenital defect, the repeated injuries, in each case an aggravation which adds to and worsens the situation gradually. I don't think anybody could separate those for you."

No other medical testimony was offered. The

hearing officer in his opinion stated simply, "I do not interpret the history the same as Dr. Berg does." The Board in affirming the hearing officer said that "only by conjecture and speculation could it be found" that the June 1966 accident "was a material factor in the eventual need for surgery in 1970." We note that the opinion of Dr. Berg was not based upon "conjecture and speculation" but upon a full examination of the claimant and of his medical history. The Board then stated:

"* * * The weight to be given the expression of Dr. Berg must be evaluated in the light of the claimant's self-serving history[.] [T]hat self-serving history is an attempt to impeach the determination issued by the Board finding the claimant sustained no permanent injury by that accident. * * *"

The Board then concluded that any aggravation was an aggravation of the lifelong problem, apparently reaching that result primarily, if not entirely, because the claimant had not been awarded in the closing order any permanent partial disability as a result of the June 1966 injury. Our attention has been directed to no statute, regulation or other authority which makes it a prerequisite to an award of compensation for aggravation of a disability resulting from a prior compensable injury that the workman in the original claim have received an award for permanent partial disability. *See* ORS 656.271(1) and (2).

In *Lemons v. Compensation Dept.,* 2 Or App 128, 467 P2d 128 (1970), this court in an aggravation case said:

"To establish responsibility in the State Compensation Department (now known as State Accident Insurance Fund), it is necessary for claim-

ant to show that the accident of September 1966 was a material contributing cause to the plaintiff's condition which necessitated surgery. It need not be the sole cause. *Lorentzen v. Compensation Dept.,* 251 Or 92, 444 P2d 946 (1968); *Olson v. State Ind. Acc. Com.,* 222 Or 407, 414, 352 P2d 1096 (1960).

"In a complex case the causal connection must be shown by expert medical testimony. *Uris v. Compensation Department,* 247 Or 420, 427 P2d 753 (1967).

"The department offered no medical testimony in this case. A fair summary of the various reports of Dr. Tsai would be that claimant's herniated disc at L-4-5, as found on October 4, 1966, resulted from claimant's pre-existing low back condition as aggravated by the accident of September 1966; that this condition was aggravated by the fall of May 23, 1967, which resulted in the operation in question." 2 Or App at 131.

Here not only was the causal connection between the covered injury of June 1966 and claimant's surgery in 1970 shown by expert medical evidence, but the state produced no contrary expert medical evidence, and by the appeal in effect challenges the medical opinion of its own designated expert.

■ We agree with the circuit judge and find that the claimant has established that the accident of June 1966 was a material contributing cause to the 1970 condition resulting in the required surgery.

The second question challenges the award of attorney fees by the circuit court to claimant. The defendant argues that ORS 656.381(1) provides for attorney's fees in addition to the claimant's award only where the claim was originally rejected. It argues in its brief that:

"The essential requirement for an award for

attorney's fees in addition to compensation is the establishment of the right to compensation after the *original* rejection of the claim. Claimant's claim for accidental injury was not originally rejected. It was accepted, compensation was paid, it was evaluated and closed. Claimant did not contest the final evaluation of his injury. Since such attorney's fees are limited to 'rejected claims,' they cannot be awarded in aggravation proceedings. Claimant's action is described in ORS 656.271 as 'increased compensation * * * based on aggravation' and therefore, by its terms, refusal is not considered a rejection of a claim for accidental injuries which is the scope of attorney's fee award under ORS 656.386(1). Aggravation claims can only arise from compensable injuries. If the injury is determined compensable, it is obviously not a rejected claim and consequently any compensation under ORS 656.588(2) is to be paid from the claimant's award for compensation." (Emphasis in original.)

Prior to 1965 the statute provided:

"(1) In all cases involving accidental injuries occurring on or after July 1, 1957, where a claimant prevails in an appeal to the circuit court from a commission order *rejecting his original claim for compensation,* the court shall allow a reasonable attorney's fee to the claimant's attorney. * * *

"* * * * * *." (Emphasis supplied.) ORS 656.588, *amended* Oregon Laws 1957, ch 558, § 1; Oregon Laws 1965, ch 285, § 42a; renumbered 656.386.

In 1965 that statute was amended to provide:

"(1) In all cases involving accidental injuries where a claimant prevails in an appeal to the circuit court from a board order *denying his claim for compensation,* the court shall allow a reasonable attorney's fee to the claimant's attorney. In such rejected cases where the claimant prevails

finally in a hearing before the hearing officer or in a review by the board itself, then the hearing officer or board shall allow a reasonable attorney's fee * * *.

"* * * * *." (Emphasis supplied.) ORS 656.386.

Claimant, on the other hand, asserts that "defendant's claim that attorney's fees are recoverable only where there is an original rejection of the claim is refuted by the [above] statutory amendment." He urges "the original statute, ORS 656.588, specifically provided that in order for claimant to be awarded attorney's fees in addition to his award, the commission had to have rejected his *original* claim for compensation. This language was taken out of the Act and the substituted language required only that he appeal from a board order *denying* his claim for compensation." Thus, he contends, "the statute no longer requires that the claim be *originally* rejected."

Defendant relies on *Peterson v. Compensation Dept.*, 257 Or 369, 477 P2d 216, reversing 2 Or App 412, 467 P2d 976 (1970), where the Supreme Court said:

" * * * [T]he right to an attorney's fee has been and is dependent on establishing the right to compensation after an original rejection of the claim." 257 Or at 375.

That case, however, did not deal with a claim for aggravation at all, but rather with an award of attorney fees made in relation to proceedings had prior to a decision rejecting a claim for compensation. In that case the court construed the word "finally" in the second sentence of ORS 656.386(1), and held that the right to attorney fees under the statute arose only

after a successful appeal from an order finally rejecting a claim. No such order was involved in *Peterson*, since the claim had been neither accepted nor rejected.

The court in *Peterson*, immediately following the portion relied upon by the state and set out above, stated:

"If the plaintiff finally establishes his right to compensation in the case at bar his attorney will be entitled to a fee for all services rendered in establishing that right, including the services rendered before the board in obtaining a hearing." 257 Or at 375.

The Board has construed its authority under the present statute by adopting WCB Order No. 4-1970, which provides:

"Amended. 7.02. A claim for aggravation has the dignity of a claim in the first instance. When the claim is presented to the employer with the required supporting medical report, the claim shall be processed as provided for the original claim by Rules 2.02 to 6.06 inclusive. Denials of claims for aggravation duly supported by the written opinion of a physician will be considered as denials of claims for compensation."

We think the Board correctly construed the legislative intent when it adopted Amended Rule 7.02. Aside from its necessary relation to a prior compensable injury, a claim for aggravation is as much an original claim for compensation as was the claim for the injury subsequently alleged to have been aggravated and as such "has the dignity of a claim in the first instance."

■ Here the appeal was from an order which finally rejected the claimant's claim for compensation arising

out of the subsequent "aggravation of the disability resulting from a compensable injury." ORS 656.271. The attorney fee was correctly allowed.

The judgment is affirmed.