Argued June 19, affirmed August 10, 1972

DÁVIS, *Respondent, v.* FIR PLY COMPANY, *Appellant.*

500 P2d 272

*Philip A. Mongrain,* Portland, argued the cause and filed the briefs for appellant.

*Donald M. Pinnock,* Ashland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

FOLEY, J.

The employer appeals from a decision of the circuit court which reversed an order on review of the Workmen's Compensation Board and reinstated the order of the hearing officer which allowed claimant's filing of his aggravation claim. The only question on appeal is whether claimant was barred from filing his claim for aggravation.

Claimant sustained a neck injury while pulling lumber from the green chain on February 3, 1966. He continued to have intermittent pain. His claim, which had been closed for the first time on July 21, 1966, was reopened three times for therapy treatments. The last closing was dated May 13, 1969.

Around the first of October 1969 claimant drove to eastern Oregon. Shortly after he had changed a flat tire on the car he suffered a renewed onset of symptoms. After he returned home his treating doctor referred him to a neurosurgeon who performed a spinal operation. The neurosurgeon sent the employer's insurance carrier a medical report and a letter which concluded as follows:

"COMMENT: If this claim has not been reopened for this treatment by Dr. McIntosh, please let your records show that I hereby request reopening of the claim. Thank you."

On January 5, 1970, the insurance carrier wrote claimant that it was denying the claim on the grounds

that the current complaint was not an aggravation of the 1966 injury. Claimant did not request a hearing after he received the letter. Instead, on November 11, 1970, he submitted a claim for aggravation supported by a written medical report as required by ORS 656.271(1).

■■ The employer urges us to consider the letter from the insurance carrier as a rejected claim with a limited time for the workman to request a hearing. There is no evidence, however, that the physician's letter was written at claimant's request and it cannot be considered a claim for aggravation under the Workmen's Compensation Law in existence at that time.[1] The carrier's denial did not prevent the claimant from filing his aggravation claim within the five-year period.

Affirmed.

---

[1] Subsequent to the events in this case the Workmen's Compensation Board adopted WCB Order No. 4–1970, which provides:

"Amended. 7.02. A claim for aggravation has the dignity of a claim in the first instance. When the claim is presented to the employer with the required supporting medical report, the claim shall be processed as provided for the original claim by rules 2.02 to 6.06 inclusive. Denials of claims for aggravation duly supported by the written opinion of a physician will be considered as denials of claims for compensation."

See Standley v. SAIF, 8 Or App 429, 495 P2d 283 (1972).

Even if this rule had been in effect in January 1970 the result in this case would not be different in view of our holding that the "comment" on the doctor's letter did not constitute a claim for aggravation.