Argued and submitted February 19, affirmed June 23, 1993

In the Matter of the Compensation of
Bertha M. Gray, Claimant.

Bertha M. GRAY,
*Petitioner,*

*v.*

SAIF CORPORATION
and American Legion #45,
*Respondents.*

(90-14568; CA A74858)

854 P2d 1008

Dan Steelhammer, Bend, argued the cause for petitioner. With him on the brief was Brothers, Drew & Steelhammer, Bend.

Michael O. Whitty, Special Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

Claimant seeks review of an order of the Workers' Compensation Board reversing the referee and holding that her current low back condition is not compensable.

Claimant injured her back at work in February, 1989. Employer accepted a claim for the injury, which was diagnosed as "acute lumbosacral strain." She has continued to suffer back pain since the injury. The claim was closed in November, 1989, with no award for permanent disability. In the meantime, claimant had been seeing her treating physician, and he diagnosed a degenerative condition of the low back requiring surgery. He requested authorization for surgery in January, 1990. SAIF denied the claim in June, 1990, on the grounds that the current condition is not related to the compensable strain, and the compensable strain is not the major contributing cause of the need for treatment.

The Board found that claimant's current condition is the result of a combination of her compensable strain and preexisting degenerative disc disease, and that the degenerative condition is the major contributing cause of the current symptoms. The Board determined that ORS 656.005(7)(a)(B) is applicable. That subsection provides:

> "If a compensable injury combines with a preexisting disease or condition to cause or prolong disability or a need for treatment, the resultant condition is compensable only to the extent the compensable injury is and remains the major contributing cause of the disability or need for treatment."

The circumstances of this case fall squarely within the statute. Because claimant's preexisting degenerative condition combines with her compensable injury to cause her disability and need for treatment, claimant must show that the compensable injury is the major contributing cause of the disability and need for treatment. The Board's conclusion that she has not met that burden is supported by its findings, and those findings are supported by substantial evidence. Even assuming, as claimant contends, that she has experienced an aggravation of her compensable claim, her condition is not compensable, because she has not satisfied the requirements of ORS 656.005(7)(a)(B). *See Tektronix, Inc. v. Nazari,*

117 Or App 409, 844 P2d 258 (1992), *on recon* 120 Or App 590, 853 P2d 315 (1993).

Affirmed.