Argued and submitted December 18, 1992, affirmed October 20, 1993

In the Matter of the Compensation of
Joe Fernandez, Jr., Claimant.

Joe FERNANDEZ, Jr.,
*Petitioner,*

*v.*

M & M REFORESTATION
and SAIF Corporation,
*Respondents.*

(90-18415; CA A73039)

860 P2d 898

Stanley Fields argued the cause for petitioner. With him on the brief was Law Offices of Michael B. Dye.

Jossi Davidson argued the cause for respondent M & M Reforestation. With him on the brief was Gracey & Davidson.

Michael O. Whitty, Special Assistant Attorney General, argued the cause for respondent SAIF Corporation. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DEITS, J.

## DEITS, J.

Claimant seeks review of an order of the Workers' Compensation Board holding that his aggravation claim was non-compensable. We review for substantial evidence and errors of law, ORS 656.304(6) and ORS 183.482(8), and affirm.

The facts, as found by the referee and adopted by the Board, are undisputed. On November 17, 1988, claimant injured his low back while working as a laborer for M & M Reforestation (employer) on a Christmas tree farm. On November 23, 1988, a CT scan of the lumbar spine revealed a disc bulge at L5-S1. A second CT scan in March, 1989, showed the left-sided bulge at L5-S1 and impingement of the left S1 nerve root.

On March 7, 1989, employer accepted claimant's claim for "pulled muscles" of the lumbosacral spine. Claimant completed a three-week therapy program and was considered medically stationary on June 20, 1989. His claim was closed on July 21, 1989 by a determination order awarding him 21 percent unscheduled permanent disability. On June 21, 1990, the parties stipulated that claimant suffered a worsening and reopened and re-closed the claim, awarding him an additional 5 percent unscheduled permanent disability.

In June, 1990, claimant began work as a laborer for a new employer, E. L. Woods, stapling cardboard boxes. On July 12, 1990, while off the job, claimant fell off of his moped. After the accident, his low back pain worsened and he experienced throbbing down his left leg. On August 23, 1990, an MRI scan revealed a worsened disc condition at L5-S1. Claimant has been unable to work since his fall due to his low back and left lower extremity pain. Surgery has been recommended. Claimant filed an aggravation claim with employer. SAIF denied the claim on behalf of employer, an alleged noncomplying employer.

The referee concluded that claimant's aggravation claim was compensable because, although claimant's off-the-job injury materially contributed to his worsened condition, his compensable injury remained the major contributing cause of his worsened condition. The Board adopted the

referee's findings of fact, but disagreed with the referee's conclusion that claimant's off-the-job injury was not the major cause of his worsened condition. It held that claimant's aggravation claim was not compensable. The Board explained its decision:

> "We agree with the Referee that claimant's condition has worsened and we adopt the Referee's Opinion and Conclusions on the issue of claimant's worsened condition. However, inasmuch as the July 12, 1990 mo-ped [*sic*] injury, which did not occur in the course and scope of claimant's employment, contributed to his worsened condition, *he must also prove legal causation.*
>
> "Generally, a compensable worsening is established by proof that the compensable injury is a material contributing cause of the worsened condition. *See Robert E. Leatherman,* 43 Van Natta 1677 (1991). However, if there is an off-work injury which is the major contributing cause of the worsened condition, the worsening is not compensable. ORS 656.273(1); *Elizabeth A. Bonar-Hanson,* 43 Van Natta 2578 (November 26, 1991)." (Emphasis supplied.)

The Board went on to conclude that, read as a whole, the testimony of claimant's treating physician, Dr. Wright, established that the major cause of claimant's worsened condition was the moped accident.

As a threshold matter, claimant assigns as error the Board's allocation of the burden of proof. He argues that the Board required him to prove either that his off-the-job injury was not the major cause of his worsened condition or that his compensable injury was the major contributing cause of his worsened condition in order to establish compensability of his aggravation claim. Claimant relies on the Board's statement that "claimant must prove legal causation." Employer argues that the Board did not err, because ORS 656.266 places the burden of proving compensability on the worker.

ORS 656.266 provides that "[t]he burden of proving that an injury or occupational disease is compensable * * * is on the worker[.]" ORS 656.273(1) provides, in part:

> "After the last award or arrangement of compensation, an injured worker is entitled to additional compensation, including medical services, for worsened conditions resulting from the original injury. A worsened condition resulting

from the original injury is established by medical evidence supported by objective findings. *However, if the major contributing cause of the worsened condition is an injury not occurring within the course and scope of employment, the worsening is not compensable."* (Emphasis supplied.)

Under that provision, claimant has a compensable aggravation if he proves that his compensable injury materially contributed to his worsened condition. *See Grable v. Weyerhaeuser Company*, 291 Or 387, 631 P2d 768 (1981). If claimant establishes that, his aggravation claim is compensable unless it is proven that an off-the-job injury is the major cause of his worsened condition.

In *Harris v. SAIF*, 292 Or 683, 690, 642 P2d 1147 (1982), the Supreme Court explained the general rule regarding the allocation of the burden of proof:

"The general rule is that the burden of proof is upon the proponent of a fact or position, the party who would be unsuccessful if no evidence was introduced on either side."

Applying that rule here, because claimant proved that his compensable injury materially contributed to his worsened condition, his aggravation claim would be compensable if there is no evidence of an off-the-job injury. Employer is the only party with an interest in establishing that an off-the-job injury was the major cause of claimant's worsened condition. As the proponent of that fact, employer has the burden to prove it. *See Harris v. SAIF, supra*, 292 Or at 690; ORS 183.450(2).

■ The Board considered the question of who has the burden of proof in these circumstances in a later decision, which is also presently before this court. *Roger D. Hart*, 44 Van Natta 2189 (1992). We find the Board's reasoning on that issue persuasive:

"ORS 656.266 generally places on the worker '[t]he burden of proving that an injury or occupational disease is compensable and of proving the nature and extent of any disability resulting therefrom.' However, we believe that the appropriate analysis must begin with ORS 656.273(1), for the principal question here is not who has what burden of proof. ORS 656.273 is a substantive provision that governs aggravation claims. In plain words, it provides that an employer is authorized to deny an aggravation claim, and

this Board must uphold such a denial, '*if* the major contributing cause of the worsened condition *is* an injury not occurring in the course and scope of employment.'

"Given the explicit nature of this statutory direction, we must reject the employer's argument that, under ORS 656.273(1), the claimant has the burden of proving that the off-the-job injury is not the major contributing cause or that the compensable injury is the major contributing cause. In doing so, we recognize that under ORS 656.266, generally the injured worker has the burden of proving compensability. We also recognize, however, that only the employer or insurer would have an interest in proposing that the major contributing cause of the worsened condition is an off-the-job injury; and to that extent, the effect, if not the purpose, of the explicit language of ORS 656.273(1) is to assign to the employer the burden of proving facts that only the employer would have reason to propose.

"\* \* \* \* \*

"Reading ORS 656.266 and *amended* ORS 656.273(1) together, we do not find any necessary or irreconcilable conflict between them. Rather, they can be read harmoniously, in a manner that carries out their respective purposes without doing damage to the language of either. We conclude that under ORS 656.266, claimant has the burden of proving that the compensable injury is a material contributing cause of the worsened condition. *Elizabeth A. Bonar-Hanson, supra.* If, pursuant to ORS 656.273(1), the employer denies the aggravation claim on the grounds that an off-the-job injury is the major contributing cause of the worsened condition, as the proponent of that fact, the employer has the burden of proving it." (Emphasis in original; footnote omitted.)

■      We conclude that the Board did erroneously place the burden of proof upon claimant. However, in view of the Board's findings in the case, its allocation of the burden of proof was harmless. The Board interpreted the only medical evidence submitted, Wright's testimony, to support the conclusion that claimant's off-the-job injury was the major cause of his worsened condition and therefore held that his aggravation claim was not compensable under ORS 656.273(1). Accordingly, the Board's error in allocating the burden of proof under ORS 656.273(1) does not require reversal.

■ Claimant next argues that the Board's determination that his off-the-job injury was the major cause of his worsened condition is not supported by substantial evidence. Essentially, claimant argues that the Board's reading of Wright's testimony was unreasonable. According to claimant, the Board "erred in its analysis by focusing upon an off-the-job injury and the effect that injury had upon a 'worsening' rather [than] upon the overall 'worsened condition' which the language of the statute requires."

The Board stated:

"Taken as a whole, we interpret Dr. Wright's opinion to mean that the major cause of claimant's *worsened condition* was the off-work mo-ped [*sic*] accident. Although Dr. Wright signed a concurrence letter contradicting his original opinion, we find the letter conclusory as there is no explanation for his change of opinion. Accordingly, we decline to rely upon the concurrence letter. Moreover, Dr. Wright's final statement on the subject of causation indicates that, as he originally stated, he believes that the mo-ped [*sic*] accident is the single incident which caused the worsening of claimant's low back condition, as evidenced by the MRI taken after the off-work accident." (Emphasis supplied.)

The Board did not focus on the cause of the worsening of claimant's injury, but rather on the major cause of his worsened condition. Further, although Wright's testimony was confusing, the Board's interpretation of the medical evidence was not unreasonable. For instance, in his deposition, Wright said:

"[Claimant] was in an equilibrium of some sort before I met him where he was working in some capacity, whether full-time, part-time, or full activity, but he was employable. *He had an injury, you know, second injury or new injury from this motorcycle accident that I considered an exacerbation of an underlying problem in his spine.*

"And subsequent to that we have discovered further evidence by MRI scan that the bulging disk is worse, as documented, to have deteriorated, based on his previous studies in November and March of 1989." (Emphasis supplied.)

We hold that the Board's conclusion that the major cause of claimant's worsened condition was his off-the-job injury is supported by substantial evidence.

Affirmed.