Submitted on record and briefs February 8; resubmitted In Banc August 8, reversed and remanded for reconsideration December 28, 1994, petition for review denied March 7, 1995 (320 Or 587)

In the Matter of the Compensation of
Donald W. Jocelyn, Claimant.

Donald W. JOCELYN,
*Petitioner,*

*v.*

WAMPLER WERTH FARMS
and Liberty Northwest Insurance Corporation,
*Respondents.*

(WCB 92-08595; CA A80290)

888 P2d 55

Martin J. McKeown filed the brief for petitioner.

Alexander D. Libmann filed the brief for respondents.

WARREN, J.

De Muniz, J., dissenting.

**WARREN, J.**

Claimant seeks review of an order of the Workers' Compensation Board, contending that the Board erred in determining that his aggravation claim is not compensable, because he has not satisfied the requirement of ORS 656.005(7)(a)(B) and shown that the initial compensable injury is the major contributing cause of his worsened condition. We reverse.

Claimant experienced a compensable low back injury in 1987 while working for employer. The injury was diagnosed as a strain, superimposed on a preexisting, non-work related degenerative disc condition. Before and after the 1987 injury, CT scans revealed that claimant had a bulging disc at L4-L5, and that that condition had remained unchanged. Employer accepted the claim and it was closed in 1988. It was reopened in 1989 and 1990 for awards of permanent partial disability.

In March, 1992, defendant was at home when he sneezed while bending over to tie his shoe. He felt immediate sharp pain in his back. Claimant tried to work, but could not. A CT scan revealed increasing disc derangement and herniation at L4-L5. Claimant's doctors recommended a diskectomy and fusion. Claimant filed an aggravation claim under ORS 656.273 for the worsening of his accepted condition, which employer denied. The referee found that the medical evidence shows that claimant's 1987 injury is not the major contributing cause of his current increased disc herniation. The Board, in affirming the referee, held that, because claimant's current condition is caused by a combination of his compensable injury and his preexisting disc condition, he is required to show, pursuant to ORS 656.005(7)(a)(B), that the compensable 1987 injury is the major contributing cause of the worsened condition. The question on review is whether the Board was correct to apply that standard of proof of causation to claims for aggravation under ORS 656.273.

A claimant is entitled to additional compensation for the worsening of an accepted condition, pursuant to ORS 656.273(1), which provides, in part:

> "After the last award or arrangement of compensation, an injured worker is entitled to additional compensation,

including medical services, for worsened conditions resulting from the original injury. A worsened condition resulting from the original injury is established by medical evidence supported by objective findings. However, if the major contributing cause of the worsened condition is an injury not occurring within the course and scope of employment, the worsening is not compensable."

The Board held that, because claimant had a preexisting back condition, in order to prove a claim for aggravation under ORS 656.273, claimant had to prove that the accepted compensable injury was the major contributing cause of the worsened condition, pursuant to ORS 656.005(7)(a)(B). That subparagraph provides:

"If a compensable injury combines with a preexisting disease or condition to cause or prolong disability or a need for treatment, the resultant condition is compensable only to the extent the compensable injury is and remains the major contributing cause of the disability or need for treatment."

Because claimant did not prove that the compensable injury was the major contributing cause of his worsened condition, the Board held that the claim was not compensable.

Claimant argues that the Board erred in applying the major contributing cause standard of ORS 656.005(7)(a)(B) to this claim for aggravation under ORS 656.273(1). He asserts that the aggravation statute has long been interpreted to require a claimant to show only that the compensable injury was a material contributing cause of the worsening of a compensable condition, and that standard was not changed by the 1990 amendments to the workers' compensation law. Employer argues that the language of ORS 656.005(7)(a)(B), which was added by the 1990 amendments, applies by its terms to any claim for compensation involving a preexisting condition, including claims for additional compensation for the worsening of a preexisting compensable condition under ORS 656.273(1).

We have touched on this issue in *Tektronix, Inc. v. Nazari*, 117 Or App 409, 844 P2d 258 (1992), *on recon* 120 Or App 590, 853 P2d 315, *rev den* 318 Or 27 (1993), and *Gray v. SAIF*, 121 Or App 217, 854 P2d 1008 (1993). In *Nazari*, the issue was the compensability of the claimant's *initial* low back injury claim. We said:

> "It is not clear how the statute [ORS 656.005(7)(a)(B)] is to be applied in the context of an *initial claim for compensation*, when the injury combines with a preexisting condition to cause or prolong disability or a need for treatment." 120 Or App at 594. (Emphasis supplied.)

We concluded that the legislature intended to "adopt the major contributing cause standard of proof with respect to *any* claim for benefits or disability related to a preexisting, noncompensable condition." 120 Or App at 594. (Emphasis supplied.) However, we were then more precise in recognizing that the issue before us was initial claims:

> "We conclude that the statute is applicable in the context of an *initial injury claim* if the injury combines with a preexisting, noncompensable condition to cause or prolong disability or a need for treatment. If, in an *initial claim*, there is disability or a need for treatment as a result of the injury alone, then the claim is compensable if the injury is a material contributing cause of the disability or need for treatment. If, in an *initial claim*, the disability or need for treatment is due to the combination of the injury and a preexisting, noncompensable condition, then the injury is compensable only if it is the major contributing cause of the disability or need for treatment." 120 Or App at 594. (Emphasis supplied.)

We went on to say that,

> "[i]n order to obtain further compensation for disability or a need for treatment that is the result of a combination of the injury and a preexisting, noncompensable condition, the claimant must show that the injury is the major contributing cause of the disability or need for treatment." 120 Or App at 594.

To the extent that the quoted material could be read as saying that ORS 656.005(7)(a)(B) applies to aggravation claims, we reject that reading, because it would address an issue that was not presented in the case, *i.e.*, the legal test for aggravation claims. By definition, an aggravation claim under ORS 656.273 is a claim for additional compensation for the worsening of an already accepted claim.

The overly broad language in *Nazari* regarding application of ORS 656.005(7)(a)(B) to *any* claim for compensation went beyond the specific issue before us in that case and touched on an issue that was *not* before us: the standard for

proving aggravation. As the dissent says, the *"difficult"* issue in *Nazari* was whether and how ORS 656.005(7)(a)(B) applied to *initial injury claims,* 132 Or App at 179; however, it was also the *only* issue. We do not feel compelled to follow the broad *dictum* in *Nazari* that the major contributing cause standard applied to "any claim for benefits or disability related to a preexisting, noncompensable condition."

In *Gray v. SAIF, supra,* we did say that ORS 656.005(7)(a)(B) applied to aggravation claims; however, we should be free to reconsider that bald and truncated assertion. Our entire discourse on the subject in that case reads:

> "Even assuming, as claimant contends, that she has experienced an aggravation of her compensable claim, her condition is not compensable, because she has not satisfied the requirements of ORS 656.005(7)(a)(B). *See Tektronix, Inc. v. Nazari, [supra]."* 121 Or App at 219.

Making an assumption about what type of claim was being asserted in *Gray,* and then relying on *dictum* from *Nazari,* is hardly the kind of consideration and analysis that should preclude us from a thorough examination of the issue. If our *dictum* in *Nazari* was wrong, and our reliance on it in *Gray* misplaced, we ought to recognize that and set it right, rather than perpetuate the error. Because we conclude both that the *dictum* in *Nazari* was wrong and that our reliance on it in *Gray* misplaced, we reverse the Board's order.

■ The question is whether the 1990 amendment to ORS 656.005(7), providing the major contributing cause standard for conditions resulting from the combination of a compensable condition and a preexisting condition, was intended to change the legal standard that applies to a claim for aggravation under ORS 656.273(1). In interpreting a statute, we are to discern the intent of the legislature. ORS 174.020; *PGE v. Bureau of Labor and Industries,* 317 Or 606, 610, 859 P2d 1143 (1993). We do that by looking first to the text and context of the statute. A claim for "aggravation," *i.e.,* additional compensation for the worsening of a compensable condition, arises under ORS 656.273(1). The language of that statute that is at issue in this case is:

> "[A]n injured worker is entitled to additional compensation * * * for worsened conditions resulting from the original injury."

The phrase "resulting from" in the aggravation statute has long been interpreted to require a claimant to prove only that the original compensable injury or occupational disease was a material contributing cause of the worsened condition. That interpretation becomes part of the statute as if it had been written into it at the time of enactment. *Stephens v. Bohlman*, 314 Or 344, 350 n 6, 838 P2d 600 (1992). The first and most compelling indication that the legislature did not intend ORS 656.005(7)(a)(B) to change the causation test in ORS 656.273(1) is that it did not change the critical language of ORS 656.273(1), requiring that a worsened condition be one "resulting from the original injury." Because "resulting from" has always been held to mean material contributing cause, the legislature's failure to change that language precludes a conclusion that the legislature intended a change in its meaning.

The dissent does not explain how a legislature's *failure* to change statutory language can result in a change of the meaning of that language. Instead, it discerns a legislative intent to change the meaning of "resulting from" in ORS 656.273(1) by its 1990 enactment of ORS 656.005(7)(a)(B). We disagree. ORS 656.005(7)(a)(B) was added to the definition of "compensable injury" contained in ORS 656.005-(7)(a); it was not added to the aggravation statute, ORS 656.273. The definition statute does not refer to the aggravation statute, ORS 656.273(1), or *vice versa*. Nor does ORS 656.273(1) use the term "compensable injury." Therefore, there is no indication in the text or the context of the two statutes that ORS 656.005(7)(a)(B) should apply to a claim for aggravation under ORS 656.273(1).

The few changes that the 1990 legislature did make to ORS 656.273(1) are consistent with the established meaning. ORS 656.273(1) *was* amended in 1990 to provide that, "if the major contributing cause of the worsened condition is an injury not occurring within the course and scope of employment, the worsening is not compensable." If the legislature had intended that a claimant with a preexisting condition has to meet the major contributing cause test to prove a claim for aggravation under ORS 656.273(1), it makes no sense that the legislature also would have amended ORS 656.273(1) to

provide that a claim for a worsened condition is *not* compensable if an off-the-job injury is the major contributing cause. Because there can be only one major contributing cause, once a claimant proved that the original injury was the major contributing cause of the worsened condition, the off-the-job injury provision would be superfluous.[1] We are not at liberty to interpret the language in a way that makes part of it redundant.

The dissent also asserts that our reliance on the legislature's failure to change the "resulting from" language is misplaced, saying it is "likely that the legislature made no additional changes to ORS 656.273, because it believed that the changes made to ORS 656.005(7) encompassed aggravation claims." 132 Or App at 180. That argument ignores the fact that the 1990 legislature made some identical additions to both ORS 656.005(7)(a) and ORS 656.273(1), when it provided that a claimant must establish a claim "by medical evidence supported by objective findings." If changes to ORS 656.005(7)(a) apply to aggravation claims, there was no reason to make that change in ORS 656.273(1) as well.

To the extent that the text and context are not definitive, the legislative history also supports a conclusion that there was no intent to change the legal standard for aggravation claims, except those involving off-the-job injuries. *See PGE v. Bureau of Labor and Industries, supra,* 317 Or at 611. Jerald Keene, in explaining the proposed changes in ORS 656.273 to the Joint Interim Special Committee on Workers' Compensation, said:

> "On aggravations the standard is unchanged. * * * *Material contributing cause is still the standard* for an aggravation claim, which is a natural worsening of a pre-existing compensable condition. When you injure a condition that's permanently a problem, once it gets worse you can reopen your

---

[1] The dissent fails satisfactorily to address that problem, saying only that, once a claimant shows that the compensable injury is the major contributing cause of the worsening, "the employer would be able to show that the subsequent injury is its major contributing cause," citing *Fernandez v. M & M Reforestation,* 124 Or App 38, 860 P2d 898 (1993). 132 Or App at 180. Of course, because there can be only one *major* contributing cause, once the claimant meets the major contributing cause test, the employer cannot defeat the claim. *Fernandez* is both logical and correct under our reading of ORS 656.273(1). It is not logical under the dissent's reading. That is another indication that the legislature did not intend the meaning the dissent ascribes to ORS 656.273(1).

claim if the original injury remains a material contributing cause of the worsening. The things that this statute does change, though, is [*sic*] situations where that worsening, rather than being a natural progression of the original compensable injury, instead is caused by some supervening incident like falling off a roof or getting in a car accident." Joint Interim Special Committee on Workers' Compensation, May 3, 1990, Tape 8, Side B. (Emphasis supplied.)

At the House Special Session, Representative Mannix explained:

"In regard to aggravations. The standard right now is whether or not there's been some material contribution to worsened condition. The best example I can come up with is, you've got a low back strain and your back is still hurting you, on a weekend at home you go up on the roof and you are trying [to] reroof your own house, and you fall off. Those result[ant] medical services involving that low back strain are still considered compensable and you probably got an aggravation a worsening under the workers' comp[ensation] system. What we're saying here is the worsening is going to have to [be] something which — where the industrial injury is a major contributing cause of the worsening." House Special Session, May 7, 1990, Tape 2, Side A.

There is nothing in the legislative history of ORS 656.273 that mentions the major contributing cause standard of ORS 656.005(7)(a)(B) or that suggests that the legislature intended ORS 656.005(7)(a)(B) to apply in the aggravation context.

■     Just as the legislative history of ORS 656.273 does not refer to ORS 656.005(7)(a)(B), the legislative history of ORS 656.005(7)(a)(B) does not mention aggravation claims or ORS 656.273(1). In light of the legislative history of both ORS 656.273(1) and ORS 656.005(7)(a)(B), and of the legislature's failure to amend the "resulting from" language in ORS 656.273(1), and of the specific changes to that subsection that the legislature did make, we conclude that the legislature did not intend to affect the standard of proof for aggravation claims. Accordingly, we hold that a worsening of a compensable condition, not caused in major part by an off-the-job injury, is compensable under ORS 656.273(1) if the compensable injury is a material contributing cause of the worsening.

That standard applies even if the claimant had a condition that preexisted the compensable injury.[2]

The consequence of the dissent's reasoning is absurd. The language "resulting from the original injury," in ORS 656.273(1), would have two different meanings, depending on whether or not the claimant has a condition that preceded the initial compensable injury. Under the dissent's reading of the statutes, if the claimant does not have a condition that preceded the initial compensable injury, he or she could prove the compensability of the worsening of a compensable injury or disease by showing that the original injury or disease is the material contributing cause of the worsening. If, however, the claimant does have a preexisting condition, the claimant would have to prove that the compensable injury or disease is the major contributing cause of the worsening. Absent express language in the aggravation statute or some other specific legislative directive, we know of no authority for attributing two different meanings to the same statutory language.

■ Because the legislature never intended to change the standard for proving an aggravation claim under ORS 656.273(1) when it enacted ORS 656.005(7)(a)(B) in 1990, we hold that the Board erred in applying the major contributing cause standard to claimant's claim.

---

[2] This result is consistent with our holding in *Beck v. James River Corp.*, 124 Or App 484, 863 P2d 526 (1993), *rev den* 318 Or 478 (1994), in which we held that ORS 656.005(7)(a)(B) does not apply to claims for continued medical services for "conditions *resulting from* the injury" under ORS 656.245(1). (Emphasis supplied.) The standard remains material contributing cause. Similarly here, we hold that ORS 656.005(7)(a)(B) does not apply to a claim for additional compensation for "worsened conditions *resulting from* the original injury" under ORS 656.273(1). (Emphasis supplied.) Although ORS 656.245 and ORS 656.273 both contain the same language, the dissent fails to explain why the major contributing cause standard of ORS 656.005(7)(a)(B) *does not* apply to continuing medical treatment, but *does* apply to aggravation claims. There is no way to justify giving a different meaning to "resulting from" as used in ORS 656.273(1) than we gave its use in ORS 656.245(1).

This result is also consistent with *SAIF v. Drews*, 318 Or 1, 860 P2d 254 (1993), in which the Supreme Court held that the preexisting condition provision of ORS 656.005(7)(a)(B) does apply to a determination of whether there is a new injury in the shifting responsibility context of ORS 656.308(1). A new injury claim can arise when work causes a worsening of a preexisting condition. However, a claim under ORS 656.273(1) for the worsening of an accepted compensable condition is not a claim for a new injury.

We reject without discussion claimant's second assignment of error.

Reversed and remanded for reconsideration.

**De MUNIZ, J.,** dissenting.

Just over one year ago, considering the same statutes and the same legislative history now examined by the majority, we held, in *Tektronix, Inc. v. Nazari,* 117 Or App 409, 844 P2d 258 (1992), *on recon* 120 Or App 590, 853 P2d 315, *rev den* 318 Or 27 (1993), that by enacting ORS 656.005(7)(a)(B), the legislature intended to adopt the major contributing cause standard of proof with respect to any claim for benefits or disability related to a preexisting condition. More recently, in *Gray v. SAIF,* 121 Or App 217, 854 P2d 1008 (1993), relying on *Nazari,* we held that ORS 656.005(7)(a)(B) applies to a claim for an aggravation. The majority's new inclination aside, there is nothing in either the statutes or the legislative history that warrants a change in the holdings of those two cases.

ORS 656.005(7)(a) defines "compensable injury." It provides, in part:

"A 'compensable injury' is an accidental injury, or accidental injury to prosthetic appliances, arising out of and in the course of employment requiring medical services or resulting in disability or death; an injury is accidental if the result is an accident, whether or not due to accidental means, if it is established by medical evidence supported by objective findings, subject to the following limitations:

"(A) No injury or disease is compensable as a consequence of a compensable injury unless the compensable injury is the major contributing cause of the consequential condition.

"(B) If a compensable injury combines with a preexisting disease or condition to cause or prolong disability or a need for treatment, the resultant condition is compensable only to the extent the compensable injury is and remains the major contributing cause of the disability or need for treatment."

Until 1990, when subparagraphs (A) and (B) were added requiring application of the "major contributing cause" standard of proof in the two circumstances described, the standard by which a claimant was required to prove that an injury "aris[es] out of" the employment was understood to be the "material contributing cause" standard. In *Olson v. State Ind. Acc. Com.*, 222 Or 407, 352 P2d 1096 (1960), the Supreme Court said:

> "Reduced to its simplest form 'arising out of' as used in the act means the work or labor being performed was a causal factor in producing the injury suffered by the workman. * * * It need not be the sole cause, but is sufficient if the labor being performed in the employment is a material, contributing cause which leads to the unfortunate result." 222 Or at 414. (Citations omitted.)

That case is regarded as having established "material contributing cause" as the standard of proof of medical causation applicable to original injury claims.

ORS 656.273(1) provides, in part:

> "After the last award or arrangement of compensation, an injured worker is entitled to additional compensation, including medical services, for worsened conditions resulting from the original injury. *A worsened condition resulting from the original injury is established by medical evidence supported by objective findings. However, if the major contributing cause of the worsened condition is an injury not occurring within the course and scope of employment, the worsening is not compensable.*" (Emphasis supplied.)

The emphasized language was added by the 1990 legislature. Like the pre-1990 version of ORS 656.005(7), the pre-1990 version of ORS 656.273(1) made no reference to the standard by which a claimant must show that the worsened condition "results from" the original injury, but it too has been interpreted to require a "material contributing cause" standard of proof. In fact, the cases reveal that the "material contributing cause" standard for proof of aggravation claims was derived directly from the cases describing the standard of proof applicable to original claims. In *Lemons v. Compensation Department*, 2 Or App 128, 467 P2d 128 (1970), citing without discussion *Olson v. State Ind. Acc. Com., supra*, we adopted the material contributing cause standard as the

standard applicable to proof of aggravation claims. In *Standley v. SAIF*, 8 Or App 429, 495 P2d 283 (1972), we cited *Lemons* for the same rule.

In *Grable v. Weyerhaeuser Company*, 291 Or 387, 631 P2d 768 (1981), the Supreme Court considered an aggravation claim in which the claimant's compensable injury became worse after an off-the-job injury. The court grappled with the question of medical proof of aggravation claims generally. It noted that *Olson* had involved an original claim for injury and that our opinions in *Lemons* and *Standley* had applied the *Olson* "material contributing cause" standard of proof to aggravation claims. The court considered Professor Larson's analytical approach to medical proof of aggravation claims, 1 Larson *Workmen's Compensation Law*, 3-348, § 13.00 (1978), which focused on whether the subsequent injury was an "independent intervening cause" of the claimant's need for treatment or disability. The court said that, although that approach appeared to apply a standard of proof different from the material contributing cause standard, the difference was only superficial, because the two differently phrased tests were, essentially, the converse of each other and lead to the same result. The court said:

> "We conclude that if the claimant establishes that the compensable injury is a 'material contributing cause' of his worsened condition, he has thereby necessarily established that the worsened condition is not the result of an 'independent, intervening' nonindustrial cause. We hold that an employer is required to pay worker's compensation benefits for worsening of a worker's condition where the worsening is the result of both a compensable on-the-job back injury and a subsequent off-the-job injury to the same part of the body if the worker established that the on-the-job injury is a material contributing cause of the worsened condition." 291 Or at 401.

Thus, *Grable* provided an independent rationale for application of the material contributing cause standard of proof in the context of aggravation claims generally. *See also Peterson v. Eugene F. Burrill Lumber*, 294 Or 537, 542, 660 P2d 1058 (1983).

In 1990, the legislature added subparagraphs (A) and (B) to ORS 656.005(7)(a), thus requiring, in those two specific

circumstances, that the claimant show that the compensable injury is the major contributing cause of the condition for which compensation is sought. ORS 656.005(7)(a)(B) provides:

> "If a compensable injury combines with a preexisting disease or condition to cause or prolong disability or a need for treatment, the resultant condition is compensable only to the extent the compensable injury is and remains the major contributing cause of the disability or need for treatment."

Subparagraph (B) would appear to be directly applicable to the facts of this case, as it is conceded that claimant's current need for surgery is the result of a combination of his preexisting disc disease and his compensable injury.

The legislature made other changes as well. It amended ORS 656.273(1) to add its last two lines:

> "After the last award or arrangement of compensation, an injured worker is entitled to additional compensation, including medical services, for worsened conditions resulting from the original injury. A worsened condition resulting from the original injury is established by medical evidence supported by objective findings. *However, if the major contributing cause of the worsened condition is an injury not occurring within the course and scope of employment, the worsening is not compensable."* (Emphasis supplied.)

The emphasized language overrules the Supreme Court's holding in *Grable*. A worsened condition is no longer compensable if its major contributing cause is a subsequent off-the-job injury, even if the compensable on-the-job injury is a material contributing cause of the worsening.

Taken together, the changes to ORS 656.005(7)(a) and ORS 656.273(1) reflect an apparent legislative intention that a condition not be compensated if its primary cause is not work related. If there is a pre-existing condition involved, it is no longer enough for the claimant to show that the work is the material contributing cause. As we said in *Tektronix, Inc. v. Nazari, supra*, the legislative history shows that, by enacting ORS 656.005(7)(a)(B), the legislature intended that, any time a claimant's current condition is the result of a combination of a compensable injury and a preexisting condition, the claimant must show that the compensable injury, rather than the preexisting condition, is the major contributing cause.

More recently, in *Gray v. SAIF, supra,* relying on *Nazari,* we applied that same rule in the context of an aggravation claim involving a worsened condition caused by a combination of a compensable injury and a preexisting disease. That is the circumstance here.

The majority takes issue with my reliance on *Nazari,* contending that that case is not relevant here, because our holding in *Nazari* was limited to the question of whether ORS 656.005(7)(a)(B) is applicable in the context of an "initial claim." How quickly the majority forgets. It is true that the *difficult* question presented by *Nazari* was *not* whether ORS 656.005(7)(a)(B) was applicable in the context of an aggravation claim or in any other circumstance when there had been a previously accepted claim: We said in *Nazari* that the statute was obviously applicable in those circumstances.[1] The difficult question in *Nazari* was whether, in the light of the statute's apparent assumption of the existence of a compensable injury, ORS 656.005(7)(a)(B) could ever be applicable in the context of an initial claim. In holding that the statute applied in the context of an initial claim, we referred to the legislative history, which we concluded showed that the objective of the legislature "was to adopt the major contributing cause standard of proof with respect to any claim for benefits or disability related to a preexisting, noncompensable condition." 120 Or App at 590.

Because *Nazari* did not involve an aggravation claim, the majority is correct that it is not direct authority for the result in this case. However, our comments in *Nazari* regarding the legislature's intent certainly lent support to our opinion in *Gray v. SAIF, supra,* which expressly holds that ORS 656.005(7)(a)(B) is applicable in the context of an aggravation claim. The relevant facts of *Gray* were similar to those here. The claimant experienced a back strain at work, which the employer accepted as compensable. The claimant's doctor later diagnosed a preexisting degenerative condition. The

---

[1] "When the claimant has an injury that has been determined to be compensable under [the material contributing cause] standard of medical causation, the words of subparagraph (B) are easily understood: A condition resulting from a combination of the injury and a preexisting condition is compensable only if the compensable injury is the major contributing cause of the disability or need for treatment of the 'resultant condition.'" 120 Or App at 592.

claimant sought to be compensated for surgery for the preexisting condition. We held that the claim was not compensable as an initial claim or as an aggravation claim, because the claimant had not satisfied the "major contributing cause" standard of proof set out in ORS 655.005(7)(a)(B).

The majority is of the view that there is no indication that the legislature intended to change a claimant's burden of proof with regard to aggravation claims. We would agree, were it not for the words of ORS 656.005(7)(a)(B). Even without an express reference to ORS 656.273, those words aptly indicate that the major contributing cause standard is intended to apply in the context of an aggravation claim involving a preexisting condition. We are remiss in our duty to interpret the statute according to its plain language in ignoring the very words chosen by the legislature.

The majority surmises that, in the light of the fact that the legislature made some changes to ORS 656.273(1) in 1990, had it sought to change the claimant's burden of proof in an aggravation claim, it would have made additional changes to the statute similar to those made to ORS 656.005(7). I think it more likely that the legislature made no additional changes to ORS 656.273, because it believed that the changes made to ORS 656.005(7) encompassed aggravation claims.

Contrary to the majority's view, the application of ORS 656.005(7)(a)(B) to aggravation claims would not lead to an absurdity. If there is no preexisting condition, then the standard of proof in an aggravation claim, as in an initial claim, would be the material contributing cause standard. If there is a preexisting condition that contributes to the worsening, then the claimant must show, as in an initial claim, that the work is the major contributing cause of the worsened condition. In either case, if a subsequent off-the-job injury contributes to the worsened condition, then the employer would be able to show that the subsequent injury is its major contributing cause. *Fernandez v. M & M Reforestation*, 124 Or App 38, 860 P2d 898 (1993). There is no illogic to the way the statutes work together. They simply deal with different potential aspects of a claim and may or may not be relevant to a particular case.

As I interpret the statutes, if a claimant has previously established, in the context of an original claim, that because of the effects of the employment, a preexisting condition is itself compensable, then there would be no need for the claimant to reprove the relationship between the employment and the preexisting condition in a later aggravation claim. The preexisting condition, once shown to be compensable, remains compensable.[2] Here, claimant's preexisting condition was noted in the medical reports at the time of the original claim, and he has perhaps received medical treatment and compensation for the effects that the compensable injury had on the preexisting condition; however, the preexisting condition itself is not compensable, nor is it claimed to be. It is that preexisting condition that has worsened and for which claimant now seeks compensation. If claimant's 1987 injury bears *any* relationship to his current disc condition, it is only to the extent that it combines with the preexisting condition. I would hold that ORS 656.005(7)(a)(B) is applicable and that claimant must show that the initial compensable injury is the major contributing cause of the worsened condition. I would hold that substantial evidence supports the Board's determination that he has not met that burden.

Richardson, C. J., and Rossman and Leeson, JJ., join in this dissent.

---

[2] Similarly, a claim for medical treatment of a compensable condition is compensable if the compensable condition remains the material contributing cause of the need for treatment. *See, e.g., Beck v. James River Corp.*, 124 Or App 484, 488, 863 P2d 526 (1993), *rev den* 318 Or 478 (1994).