Argued and submitted July 2, 1993, affirmed January 25, petition for review denied May 23, 1995 (321 Or 246)

In the Matter of the Compensation of
Roger D. Hart, Claimant.

ASPLUNDH TREE EXPERT COMPANY
and Crawford & Company,
*Petitioners,*

*v.*

Roger D. HART,
*Respondent.*

(90-19506, 90-19507; CA A77409)

888 P2d 1082

Margaret H. Leek Leiberan argued the cause for petitioners. With her on the brief were Leiberan & Gazeley, Schuyler T. Wallace and Wallace & Klor.

Michael D. Levelle argued the cause for respondent. With him on the brief was Bennett & Hartman.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

## LANDAU, J.

Employer seeks review of a Workers' Compensation Board order setting aside a denial of claimant's aggravation claim. We affirm.

On July 7, 1988, claimant compensably injured his lower back. Employer accepted the claim. Following conservative treatment from Dr. Sacamano, his claim was closed on August 29, 1989, by Determination Order awarding him 7 percent unscheduled permanent partial disability (PPD). On July 22, 1990, claimant suffered severe back pain, left leg pain and left leg numbness when he bent over and lifted a 15-pound box at home. He initially sought treatment from Dr. Hazel, who authorized his release from work. Claimant then returned to Sacamano for treatment.

Claimant filed a claim for aggravation of the July 7, 1988, work injury. Employer denied the claim. At the hearing, Hazel opined that claimant suffered a new injury on July 22, 1990, and that the work-related injury of two years earlier did not contribute to claimant's condition. Sacamano testified that, although claimant suffered a new injury on July 22, 1990, both that injury and the previous work-related injury significantly contributed to the worsened condition. He could not, however, say which injury was the major contributing cause of claimant's condition. The referee concluded that, under ORS 656.273(1),[1] claimant has the burden of proving that a nonwork injury is not the major contributing cause of claimant's worsened condition, and that claimant had failed to carry that burden. The Board reversed, concluding that ORS 656.273(1) places the burden on the employer to establish that a nonwork injury is the major contributing cause of claimant's condition, and that employer had failed to carry its burden.

---

[1] ORS 656.273(1) provides, in part:

"After the last award or arrangement of compensation, an injured worker is entitled to additional compensation, including medical services, for worsened conditions resulting from the original injury. A worsened condition resulting from the original injury is established by medical evidence supported by objective findings. However, if the major contributing cause of the worsened condition is an injury not occurring within the course and scope of employment, the worsening is not compensable."

■ Employer first assigns error to the Board's conclusion that employer bears the burden of proving that claimant's off-the-job injury is the major contributing cause of his worsened condition. In *Fernandez v. M & M Reforestation*, 124 Or App 38, 42-43, 860 P2d 898 (1993), we held that the Board was correct in allocating the burden of proof in that way. *See also Jocelyn v. Wampler Werth Farms*, 132 Or App 165, 172, 888 P2d 55 (1994). The Board did not err.

■ Employer next assigns error to the Board's finding that employer failed to carry its burden of proof. We review that finding for substantial evidence. ORS 656.298(6); ORS 183.482(8). The record presents a conflict of expert opinion on the question whether claimant's worsened condition was caused in major part by his nonwork injury. Hazel testified that the July 22, 1990, at-home injury was the major contributing cause of claimant's worsened condition. Sacamano testified that both the work-related injury and the at-home injury significantly contributed to the worsened condition, but that it was not possible to say which was the major cause. The Board was entitled to give more weight to Sacamano's opinion. *Somers v. SAIF*, 77 Or App 259, 263, 712 P2d 179 (1986).

Affirmed.