Argued and submitted November 22, 1996, affirmed July 23, 1997

In the Matter of the Compensation of
Mary R. Marcum, Claimant.

Mary R. MARCUM,
*Petitioner,*

*v.*

CITY OF HERMISTON,
*Respondent.*

(WCB 95-02745; CA A92829)

942 P2d 879

Michael A. Gilbertson argued the cause and filed the brief for appellant.

Jonn Oswald argued the cause for respondent. On the brief were Marianne Bottini and Bottini, Bottini & Oswald, P.C.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Claimant seeks review of an order of the Workers' Compensation Board upholding employer's denial of her claim for an aggravation of her compensable knee injury. We affirm.

The facts in this case are undisputed. In December 1991, claimant compensably injured her knee. Employer accepted the claim. In March 1994, after several surgeries and extensive physical therapy, claimant received a scheduled disability award for her knee of 45 percent. In July 1994, claimant attended a baseball game at which she slipped on some mud and fell. In August 1994, claimant met with her physician, Dr. Lantz. Lantz noted a decline in the range of motion in her knee since her last visit with him in September 1993. However, there was no change in her knee that was apparent on x-ray from the period before the fall. Claimant subsequently filed a claim for an aggravation of her compensable injury. Employer denied her aggravation claim and the Board affirmed that denial.

■ Claimant seeks review of that denial. ORS 656.298. Aggravation claims are governed by ORS 656.273(1), which provides, in part:

"After the last award or arrangement of compensation, an injured worker is entitled to additional compensation for worsened conditions resulting from the original injury. A worsened condition resulting from the original injury is established by medical evidence of an actual worsening of the compensable condition supported by objective findings. However, if the major contributing cause of the worsened condition is an injury not occurring within the course and scope of employment, the worsening is not compensable."

Under that provision, "claimant has a compensable aggravation if [she] proves that [her] compensable injury materially contributed to [her] worsened condition," unless the employer proves that an off-the-job injury was the major contributing cause of the worsened condition. *Fernandez v. M & M Reforestation*, 124 Or App 38, 42, 860 P2d 898 (1993).

■■    Claimant argues that the Board erred in affirming employer's denial because it did not weigh the relative contributions between her compensable knee injury and her fall in the mud to determine the major contributing cause of her worsened condition. We agree with claimant that in assessing the major contributing cause of an injury the relative contribution of different causes needs to be considered to determine the primary cause. *See Dietz v. Ramuda,* 130 Or App 397, 401, 882 P2d 618 (1994), *rev dismissed* 321 Or 416 (1995). Claimant incorrectly assumes, however, that that standard comes into play in this case. Employer did not have to prove that the off-the-job injury was the major contributing cause of claimant's worsened condition because the Board concluded that claimant had not met her threshold burden of proving that she had suffered a "compensable aggravation."

An examination of the Board's analysis supports our conclusion. First, the Board noted the legal standard outlined in ORS 656.273(1) and the standards for evaluating whether the claimant had established an aggravation. It then stated:

> "Claimant did experience a loss in range of motion after her slip in the muddy grass in July 1994. Dr. Lantz has described the slipping as a 'new and discrete incident' that 'aggravated her problem.' He felt that her condition was materially worsened following that episode (Exhibit 27). * * * [In] the last paragraph of the doctor's most recent report, he attributes decline in the range of motion in the knee to the slip in the mud (Exhibit 27). That appears consistent with claimant's own representation to Dr. Lantz in late August 1994. The doctor indicated that claimant 'feels she has lost some motion since [the July muddy grass] episode' (Exhibit 20).
>
> "The slip in the mud occurred off the job. I do not find evidence in the record to the effect that the slip resulted from the compensable injury. It appears, therefore, that the major contributing cause of the worsened condition is an injury that is not job-related. Claimant has not proved a compensable aggravation. ORS 656.273(1)."

Although the Board stated that "the major contributing cause of the worsened condition is an injury that is not job-related," it is evident that the statement was made in the context of assessing whether claimant had met her burden of

showing that the worsened condition was related to the original injury. It concluded that she had not met that burden, based on its findings that the worsened condition was due to claimant's slip in the mud and that the original injury had not caused the slip.

■    Our task, then, is to determine whether substantial evidence supports the Board's findings that the worsened condition was not caused by her original knee injury. ORS 183.482(8). We conclude that it does support those findings. Claimant's condition was worse because the range of motion in her right knee had declined since her prior compensation award. In three separate exhibits, claimant's physician, Lantz, provided the only medical opinion of the cause of that worsened condition. In his report on her August 1994 visit, he stated that claimant felt that her fall in the mud had aggravated her knee injury, and his examination revealed that her range of motion was more limited then when he had examined her the year before. In a letter responding to a request for information from employer's representative, Lantz described claimant's slip in the mud as a "new and discrete incident" that "aggravate[d] her problem." Finally, in a letter written after a conversation with claimant's attorney, Lantz stated:

> "I saw [claimant] in September 1993. She then suffered a slip in the mud in July 1994 and I saw her again in follow up in August 1994. I have not seen her in follow up since that time. It is difficult for me to know exactly what her knee range of motion was prior to the slip in the mud, as it was approximately nine months after her last visit with me. When I saw her in August, her range of motion was less than her previous visit a year ago. Some of this loss of motion was due to her slipping in the mud. I am not sure if she is now improved since the visit in August, since I have not seen her since that visit.

> "Her underlying condition and pathology in the knee, the majority of this is pre-existing the slip in the mud. However, I do believe the slip in the mud caused further loss of motion in the knee."

Most of the medical evidence does not tie claimant's worsened condition to her original injury. In the final letter, Lantz states that her underlying condition and pathology were from

her original injury, but he does not directly connect her reduced range of motion to that injury. Instead, he merely expresses doubt about whether he could state absolutely that her worsened condition was entirely due to her slip in the mud. Viewing that evidence as a whole, we conclude that a reasonable person could find that claimant's original injury did not materially contribute to her worsened condition.

Claimant's own testimony supports the finding that the original injury did not cause her to slip in the mud. She stated that, because of her original injury, she does not have "good ground clearance" when she walks. As a result, she testified, "I'm always real careful about how I walk, where I walk, and the surfaces I walk on." She described her slip on the mud as follows:

"I was walking across this grassy area at this park, and I usually walk—watch where I walk, but this time I happened to be looking up. And my foot slipped in this muddy grassy area, and I went to the ground. And once I hit the ground my knee had twisted, and I cau—and it caused some pretty bad pain[.]"

She said that the grass was "wet and muddy. It was just like ice. I just slipped and fell." Based on that testimony, a reasonable person could find that the slip did not result from claimant's original injury.

Thus, we conclude that the Board applied the proper legal standard in determining whether claimant had suffered a compensable aggravation. Further, substantial evidence supports the Board's findings that the worsened condition was not caused by her original knee injury. Thus, claimant did not prove that she had a compensable aggravation.

Affirmed.